Argued June 26, reversed August 1, reconsideration denied September 12, 1978, petition for review allowed February 13, 1979 (285 Or 195)

STUPFEL, *Respondent,*
*v.*
EDWARD HINES LUMBER CO., *Appellant.*
(No. 7263, WCB No. 76-3777, CA 10711)

581 P2d 961

Marshall C. Cheney, Portland, argued the cause and filed the brief for appellant.

Thomas A. Caruso, Portland, argued the cause for respondent. With him on the brief was Bailey, Welch, Bruun & Green, Portland.

Before Schwab, Chief Judge, and Thornton and Buttler, Judges.

THORNTON, J.

## THORNTON, J.

This is an appeal by the employer from the allowance of a claim for aggravation. Claimant suffers from chronic obstructive pulmonary disease and reactive airway disease, which all doctors agree is not work-related in this case. Claimant has worked in a planing mill for 27 years exposed to nonspecific types of dust and fumes. He smoked one pack of cigarettes per day for 40 years prior to quitting six months before he terminated employment.

All of the doctors agreed that claimant's work environment increased his symptomology although claimant only noticed "some" improvement when he was away from work.

Claimant's examining physician, Dr. Cutter, felt that claimant's disease was "aggravated" by his work, although we are not certain that Dr. Cutter means the word in the same sense as this term is used in the occupational disease law.

Dr. Greve, who examined claimant at the request of claimant's attorney, indicated that

"* * * there is no doubt but that someone with this type of chronic lung disease would have greater symptoms, that is, more breathlessness, when he is in such an environment. To be more specific, there is little question that the work environment would aggravate his problem."

Again we cannot tell if Dr. Greve means a permanent or temporary aggravation.

Dr. Tuhy examined claimant on behalf of the employer, disagreed with Dr. Cutter's conclusion regarding aggravation, and concluded that while the dust at work may have increased his symptoms it did not alter the natural progression of the disease.

Under *Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970), and its progeny, for an aggravation to occur the natural progression of the

[ 459 ]

preexisting condition must be accelerated or the severity of the symptoms permanently increased as opposed to temporary symptomology.

We conclude that claimant has failed to prove by a preponderance of the evidence that this has occurred in this case.

Reversed.