Argued and submitted April 3, affirmed November 6, 1979

WELLER,
*Petitioner,*
AETNA LIFE & CASUALTY COMPANY,
*Respondent,*
*v.*
UNION CARBIDE CORPORATION,
*Respondent.*

(No. A7708-12042, CA 10478, SC 25785)

602 P2d 259

Raymond Conboy, Portland, argued the cause for petitioner. On the brief was Keith E. Tichenor and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Noreen K. Saltveit, of Merten & Saltveit, Portland, argued the cause and filed briefs for respondent Union Carbide Corporation.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent Aetna Life & Casualty Co. With him on the briefs were Roger A. Luedtke and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Evohl F. Malagon and Steven C. Yates, Eugene, filed a brief amicus curiae for the Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, Holman, Howell, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

This is a contested claim for workers' compensation benefits for occupational disease, ORS 656.802 to 656.824. The following issue is posed: Does a worker have a compensable claim where: (1) he has an underlying disease which is symptomatic; (2) his work results in a worsening of his symptoms not produced by a concomitant worsening of the underlying disease process; and (3) the worsening requires either medical services or results in disability or both? We answer in the negative.

The employer timely denied the claim. The referee and the Workers' Compensation Board upon review affirmed the denial. The circuit court reversed.[1] Upon appeal the Court of Appeals reversed the circuit court, thus affirming the Board, 35 Or App 355, 582 P2d 8 (1978). We allowed review, ORS 2.520, 285 Or 195 (1979), along with *Stupfel v. Edward Hines Lumber Co.,* 35 Or App 457, 581 P2d 961 (1978), *Hutcheson v. Weyerhaeuser,* 36 Or App 497, 584 P2d 371 (1978), and *Gibson v. SAIF,* 37 Or App 375, 587 P2d 116 (1978), to consider problems seemingly common to these cases of the effect of work activity and conditions on an underlying pathological condition in the worker's body. We affirm the Court of Appeals.

In *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971), we decided not to undertake de novo review of workers' compensation cases. This was a result of our construction of former ORS 2.520(5). There is nothing in the subsequent amendment of ORS 2.520 to indicate that the legislature intended us to do differently. We continue, therefore, to consider ourselves bound by the Court of Appeals' resolution of conflicts in the evidence.

---

[1] Orders of the Workers' Compensation Board issued prior to September 1, 1977, were judicially reviewed initially by the circuit court. ORS 656.298; Or Laws 1977, ch 804 §§ 11 and 56.

The Court of Appeals found:

"* * * Claimant began working as a crane operator in 1952. He injured his low back in a nonindustrial accident in 1968. He continued in the same employment, but had recurrent episodes of low back and leg pain. Claimant quit working in 1975. Several doctors made a variety of diagnoses—all generally indicating degenerative changes in the bone structure of the lumbosacral area of claimant's spine, which caused nerve root irritation, which caused the pain claimant experienced. Subsequent surgery provided partial relief. [35 Or App at 357]

"* * * * *

"We agree with all prior factfinders—claimant's work did not cause or aggravate his underlying disease, but claimant's work did cause pain, i.e., a symptom of his disease."[2] (35 Or App at 358)

Inherent in the Court of Appeals decision is the assumption that it is the worsened pain which required claimant to leave his work and undergo surgery. Otherwise there would have been no reason to reach that court's holding in order to dispose of the case (35 Or App at 360):

"We now hold that a worsening (purposely avoiding the term of art 'aggravation') of symptoms is not compensable. Only the onset or significant worsening of injury or disease arising out of, i.e., caused by, employment can be compensable. A worsening of symptoms is only significant to the extent that it supports an inference that employment caused a worsening of the underlying injury or disease. * * *."

If neither medical services were required nor disability resulted from the worsening of pain caused by

---

[2] We read the opinion as a whole to mean that the Court of Appeals found the evidence insufficient to establish a worsening of the underlying disease. (35 Or App at 360)

We do not profess to understand how there can be a worsening of pain not produced by a concomitant worsening of the underlying pathological condition of the bodily tissue. On the other hand, there does not appear to be anything in the record which would *require* the Court of Appeals to reach a conclusion different than it did, and the court would not be justified in going outside the record to "research" the matter. *Compare, Bend Millwork v. Dept. of Revenue,* 285 Or 577, 583-585, 592 P2d 986, 989-991 (1979).

the employment, there would be, by definition, no compensable claim. ORS 656.005(8) provides:

"(a) A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability * * *.

"(b) A 'disabling compensable injury' is an injury which entitles the worker to compensation for disability * * *.

"(c) A 'nondisabling compensable injury' is any injury which requires medical services only."

ORS 656.005(9) provides:

" 'Compensation' includes all benefits, including medical services, provided for a compensable injury to a subject worker * * *."

For the purposes of this case an occupational disease is to be considered an injury under the Workers' Compensation Law (ORS 656.001 to 656.794). ORS 656.804.

The foregoing establishes the validity of the issue posed at the outset of this opinion. We now proceed to apply the law to the facts of this case. The discussion must commence with the statute. ORS 656.802(1)(a) defines "occupational disease" as follows:

"Any disease or infection which arises out of and in the scope of the employment, and to which an employe is not ordinarily subjected or exposed other than during a period of regular actual employment therein."

At first blush it would appear that the disease itself must arise out of the employment, but we have interpreted the statute otherwise. In *Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970), we squarely held that a disability resulting from worsening of a preexisting bursitis by the claimant's work activities and conditions was compensable under the Occupational Disease Law.

Relying upon *Beaudry,* claimant urges that this claim is compensable because in *Beaudry* we held

compensable the claim of a workman (quoting from claimant's petition for review):

> "* * * who had pre-existing nonindustrial bursitis in his hip *which* became aggravated * * *." (our emphasis added)

The emphasized pronoun "which" refers to "bursitis"; it does not refer to any other noun.

Amicus Curiae, "The Oregon Trial Lawyers Association," quotes to us our own language from *Beaudry* and our "adopt[ion]" of "the rule" from 1A Larson, *Workmen's Compensation Law,* Section 21.63 (1973):

> "* * * It is clear that under the accidental injury portion of the law a compensable injury occurs when an accidental injury accelerates or aggravates a pre-existing disease, causing *disability* or death, * * *." (255 Or at 512) (Amicus' emphasis)

The quoted matter simply says that "disability" is compensable if it results from acceleration or aggravation of the preexisting *disease.* It says nothing about the compensability of "disability" resulting from an aggravation of *symptomatology* not produced by a concomitant aggravation of the preexisting *disease.*

We did quote (255 Or at 513) from Larson, as Amicus says, as follows:

> " "* * * [T]he line between occupational disease and aggravation of preexisting disease or weakness has become blurred. The ultimate working rule that seems to emerge is simply that a *disability* which would be held to arise out of the employment under the tests of increased risk and aggravation of a preexisting condition will be treated as an occupational disease.' (Footnotes omitted)" (Amicus' emphasis)

Larson says no more than that a disability will be treated as an occupational disease if that disability results from aggravation of a preexisting *condition.* The whole passage which we quoted from Larson discloses that the author in using the word "condition" referred to the disease itself.

[32]

Amicus argues that "[t]he symptoms of disease *are* the disease." Amicus may well believe that. There may well be medical authorities who believe it. No qualified witness so testified in this case, however, and there is accordingly *no basis in the evidence* for the factfinder to reach that same belief. *Cf.* footnote 2, *supra.*[3]

Some language we used in *Beaudry* may be misleading. We said (255 Or at 515):

"* * * It is our opinion that there was sufficient evidence for the hearing officer to find that claimant's *condition,* which prevented him from working, was the result of a situation to which he was not ordinarily subjected other than in the course of his regular actual employment." (emphasis added)

The use of the word "condition" may not have been as precise as the choice of words in the rest of the opinion. It is obvious from the context, however, that our attention in that sentence was focused upon the matter of exposure rather than a distinction between disease and symptoms. Moreover, in *Beaudry* we had just finished a discussion resulting in our holding that the claimant's "condition" was a result of the worsening of his bursitis itself by the vibrations to which his work subjected him. If our use of the word "condition" in the above quotation could be considered to refer to Beaudry's symptoms alone, as distinguished from worsening of his pathology, that was unintended and is here renounced.

A line of decisions of this court discusses the compensability of pain under the compensation statutes. In *Lindeman v. State Indus. Acc. Comm.,* 183 Or 245, 250, 192 P2d 732 (1948), by way of dictum, the court somewhat cryptically announced:

"The statute provides no compensation for physical pain or discomfort. It is limited to the loss of

---

[3] Amicus directs our attention to what it contends will be the result of the Court of Appeals' decision upon the compensability of "pain syndrome" and "psychiatric disorders." This case deals with neither; we decline to indulge in dictum in that respect.

[33]

earning ability. The loss of capacity to earn is the basis upon which compensation should be based. [citing cases from other jurisdictions] * * *."

In *Wilson v. State Ind. Acc. Comm.,* 189 Or 114, 219 P2d 138 (1950), the claimant had suffered an injury to his eye. He sought compensation for loss of the sight of the eye, a "scheduled disability" under then Section 102-1760, O.C.L.A., and further compensation under the same code section for "unscheduled disability" for chronic pain and nervousness allegedly resulting from his eye injury. In the circuit court claimant had obtained jury awards for both kinds of disability. On appeal, with respect to the unscheduled disability, this court quoted the dictum of *Lindeman* and concluded (189 Or at 124):

"It is not the intention of the law to compensate for pain, suffering or nervousness in and of themselves, but the disabling effects of such may be considered in determining the disabling effect of any particular injury."

The court reversed the award of compensation for unscheduled disability, but the opinion does not tell us the reason. We assume that it must be that the record contained no evidence that the claimant's pain and nervousness had any disabling effect. *See* Or Const., Art VII (Amended), § 3.

In *Walker v. Compensation Department,* 248 Or 195, 432 P2d 1018 (1967), the claimant had injured his back and in the circuit court obtained an award of compensation for the unscheduled permanent partial disability in his back and a further award for a scheduled disability in his leg for "radiation pain" from his back down into his thigh. The opinion of this court noted *Lindeman* and *Wilson* and affirmed the circuit court award of compensation for disability in the leg on the basis that there was evidence in the record that the pain in the leg was disabling.

The foregoing cases dealing with pain were decided when the court was exercising appellate jurisdiction under ORS 19.010 and its forerunner. In *Surratt v.*

*Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971), the court exercised appellate jurisdiction then conferred in ORS chapter 656 "to examine the record de novo as triers of fact."[4] There the claimant contended that as a result of his back injury he had scheduled disability in his legs as well as unscheduled disability in his back. This court acknowledged that the rule of *Walker* authorizes an award for such a scheduled disability if the pain causes loss of function in the scheduled member. Upon de novo review, however, this court found that the evidence was insufficient "to tell whether the claimed pain in his thighs is sufficient" to support an award for disability in the legs.

It is urged that this line of cases stands for the proposition that disability caused by pain which is, in turn, caused by work activity and conditions is compensable. We do not agree. In *Wilson, Walker* and *Surratt* we dealt with claims for compensation for disability caused by pain *resulting from injury,* which was, in turn, caused by work activity. In each of those cases a work-induced, pathological change was established, and the court dealt with a claim that pain resulting therefrom had caused the asserted disability. There is nothing before us to require qualification of what we said in those cases, but we find them of no avail to this claimant.

Considering this claim in light of those cases, of ORS 656.802(1)(a) and of *Beaudry v. Winchester Plywood Co., supra,* we believe that in order to prevail claimant would have to prove by a preponderance of evidence that (1) his work activity and conditions (2) caused a worsening of his underlying disease (3) resulting in an increase in his pain (4) to the extent that it produces disability or requires medical services. The

---

[4] *Coday v. Willamette Tug & Barge,* 250 or 39, 49, 440 P2d 224 (1968). In *Surratt v. Gunderson Bros.,* 259 Or 65, 485 P2d 410 (1971), the scope of appellate review described in *Coday* was exercised over a strong dissent based upon the change in this court's role from that of a direct appeal court to a discretionary review court. The position of the dissent was thereafter adopted in *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971).

Court of Appeals found the evidence insufficient to establish element (2), a worsening of the underlying disease. It follows that claimant has failed to establish compensability of this claim.[5]

Although it is not absolutely necessary to the disposition of this particular case, we find it advisable to comment upon particular sentences in the Court of Appeals' opinion. (35 Or App at 360):

> "Only the onset or significant worsening of injury or disease arising out of, i.e., caused by, employment can be compensable."

Concern has been expressed that the word "significant" adds a new hurdle to the establishment of a compensable claim. We assume that the Court of Appeals used the word simply to mean that something more than a fleeting or de minimis worsening is required for compensability. The statutes, ORS 656.005(8), 656.802(1)(a) and 656.804, make an injury or disease, or worsening thereof, compensable if it either requires medical services or results in disability. The courts cannot require more.

The other sentence is (35 Or App at 359, 582 P2d at 10):

> "To have a compensable occupational disease, claimant must establish that his work as a crane operator originally caused or *materially and permanently* worsened his spine condition." (emphasis added)

The use of the emphasized words is subject to the same kind of concern we have expressed with respect to use of "significant" in the preceding paragraph. In addition the use of the word "permanently" is error. If a

---

[5] It is contended that this result will vitiate the rule that the employer takes the workman as he finds him. *See, e.g., Surratt v. Gunderson Bros., supra* 259 Or at 74: "[T]he individual workman is taken as the industrial accident finds him with all his inherent defects * * *."; *Keefer v. State Ind. Acc. Commission,* 171 Or 405, 412, 135 P2d 806 (1943): "The Oregon workmen's compensation law * * * prescribes no standard of physical fitness to which the employee must conform, and compensation is not based on any implied warranty of perfect health." Nothing in this opinion detracts from that rule.

temporary worsening of the underlying disease requires medical services or results in temporary disability, that is compensable. *Cf., Stupfel v. Edward Hines Lumber Co.,* 288 Or 39, 602 P2d 264 (1979).

Other issues with respect to the timeliness of this claim and the respective responsibilities of certain insurance carriers need not be resolved in light of determination of the want of compensability of the claim.

Affirmed.