Argued and submitted April 3, affirmed November 6, 1979

GIBSON,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB No. 76-4935, CA 10767, SC 25976)

602 P2d 266

Alan M. Scott, of Galton, Popick & Scott, Portland, argued the cause and filed the brief for petitioner.

Clayton Hess, State Accident Insurance Fund, Portland, argued the cause for respondent. On the brief were K. R. Maloney, Chief Counsel, James A. Blevins, Chief Trial Counsel and Gene L. Platt, Associate Counsel, State Accident Insurance Fund, Portland.

Before Denecke, Chief Justice, and Holman, Howell, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

This is a claim for compensation under ORS chapter 656. No one involved seems sure whether the claim is for injury or for occupational disease. Claimant contends it is "a compensable industrial claim." The insurer, State Accident Insurance Fund (SAIF) asserts that "the incident for which claimant filed this claim is not compensable" but does refer to "claimant's alleged injury." The referee states simply that he is dealing with "a denied claim." The Workers' Compensation Board speaks of a "denial of claimant's claim for compensability of paroxysmal fibrillation." The Court of Appeals refers to it simply as "a claim." In light of the lack of the concern over specificity thus far and the age of the claim, we decline to attempt to be more definite than the first sentence of this opinion.

Claimant timely filed his claim on June 23, 1976, and the claim was not denied until August 31, 1976. On September 19, 1976, claimant filed his request for hearing, and on February 9, 1977, the hearing was held before a referee, who on February 28, 1977, issued an opinion and order affirming the denial of the claim. On March 7, 1977, the claimant filed a request for Board review, and on March 29, 1978, the Board issued its order, reversing the referee and ordering the payment of penalties and attorney fees by SAIF. The insurer petitioned for judicial review and the Court of Appeals reversed the Board on the issue of compensability and affirmed the Board on the issue of penalites and attorney fees, 37 Or App 375, 587 P2d 116 (1978). The claimant petitioned for review, ORS 2.520, on the issue of compensability, but SAIF filed no petition for review. We allowed review, 285 Or 195 (1979).

Since the record contains supporting evidence we are bound by the facts found by the Court of Appeals. *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971). That court found:

1. On June 2, 1976, claimant had an episode of paroxysmal atrial fibrillation while raking asphalt on the job.

[47]

2. He was taken to a hospital, treated briefly in the emergency room and released.

3. His treating physician ordered him to do only light work for 60 days, but such work was not available and he did not return to work.

4. He had underlying, preexisting heart disease, namely, atherosclerosis.

5. The work activity did not affect the underlying disease.

6. The 60-day light work restriction was ordered because of the underlying, preexisting disease.

Claimant's argument in this court is predicated upon an assumption that if his *symptoms* required medical care or produced at least temporary disability, his claim was compensable. We have held to the contrary in *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). Since the work activity did not cause any change in the underlying disease, the claim for medical services required to treat symptoms and for any claimed disability by reason of those symptoms is not compensable. Even claimant's expert witness asserted only that the work activity produced symptoms; he expressly disavowed any opinion that the work activity affected the disease:

> "I believe I am referring to his presumed underlying heart disease, his presumed coronary disease which I put most likely, in terms—in relation to all those terms, if Mr. Gibson indeed does have underlying heart disease, I have no evidence that the job aggravated it, triggered it or caused it, the underlying heart disease itself.
>
> "* * * * *
>
> "I think it was a likely, very likely cause of the symptoms he had that day."

The evidence does not meet the test of compensability we have established in *Weller.*

Claimant contends that the Court of Appeals' opinion requires permanency of disability as a prerequisite

to compensability. We do not so read the opinion, but if it is to be so read, that concept is expressly disapproved. *Weller, supra; Stupfel v. Edward Hines Lumber Co.,* 288 Or 39, 602 P2d 264 (1979).

Affirmed.