Argued and submitted April 3, affirmed November 6,
petition for rehearing denied November 17, 1979

STUPFEL,
*Petitioner,*

*v.*

EDWARD HINES LUMBER COMPANY,
*Respondent.*

(CA 10711, SC 25992)

602 P2d 264

Thomas A. Caruso, of Welch, Bruun, Green & Caruso, Portland, argued the cause and filed the brief for petitioner.

Marshall C. Cheney, of Cheney & Kelley, Portland, argued the cause and filed a brief for respondent.

Steven C. Yates and Evohl F. Malagon, Eugene, filed a brief Amicus Curiae for The Oregon Trial Lawyers Association.

Before Denecke, Chief Justice, and Holman, Howell, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

This is an occupational disease claim filed in April, 1976. The employer denied the claim, and claimant's requested hearing was held in October, 1976. The referee issued his opinion and order in January, 1977, finding the claim to be compensable. The employer sought review by the Workers' Compensation Board, which affirmed the referee in August, 1977. The employer appealed and the circuit court affirmed in April, 1978.[1] Upon the employer's further appeal, the Court of Appeals reversed, *Stupfel v. Edward Hines Lumber Co.,* 35 Or App 457, 581 P2d 961 (1978), and we allowed review, ORS 2.520, 285 Or 195 (1979).

ORS 656.802(1)(a) defines "occupational disease":

"Any disease or infection which arises out of and in the scope of the employment, and to which an employee is not ordinarily subjected or exposed other than during a period of regular employment therein."

There is little conflict in the evidence as to the controlling facts, and this court has elected to be bound by the Court of Appeals' resolution of such conflicts. *Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971). The Court of Appeals found concerning this 58-year-old claimant that:

1. He suffers from chronic obstructive pulmonary disease and reactive airway disease.

2. He worked for this employer, primarily in the planing mill, for 27 years where he was exposed to "nonspecific types of dust and fumes."

3. He smoked a pack of cigarettes per day for 40 years until he stopped smoking six months before he terminated his employment in April, 1976.

4. His disease(s) were not caused by his work.

---

[1] Orders of the Workers' Compensation Board issued prior to September 1, 1977, were judicially reviewed by the circuit court. ORS 656.298; Or Laws 1977, ch 804, §§ 11 and 56.

5. His work environment increased his symptomology but did not alter the "progression" of his underlying disease(s).

6. The severity of his symptoms was not permanently increased as "opposed to [his] temporary symptomology."

The Court of Appeals interpreted *Beaudry v. Winchester Plywood Co.,* 255 Or 503, 469 P2d 25 (1970), as holding that

> "for an aggravation to occur the natural progression of the preexisting condition must be accelerated or the severity of the symptoms permanently increased as opposed to temporary symptomology." (35 Or App at 459-460)

It was on the above facts and that interpretation of *Beaudry* that the Court of Appeals held this claim to be not compensable. Because of our holding in *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), we affirm the holding that the claim is not compensable, but we must disagree with the Court of Appeals interpretation that a *permanent* increase in symptoms is necessary to compensability.

As we held in *Weller* the claimant must establish by a preponderance of evidence that his work activity and environment caused a worsening of his underlying disease to such an extent as to require medical services[2] or to result in disability. Under the Workers' Compensation Law disability may be either temporary or permanent, and it may be either total or partial.

---

[2] The Court of Appeals made no specific finding of fact concerning the claimant's need for medical services caused by the temporary increase in symptomology resulting from exposure to the work environment. The undisputed evidence discloses, however, that he had first noticed respiratory problems in 1970 or 1971, that they became progressively worse and that he sought medical services for his condition in March, 1976. We believe it is implicit in the Court of Appeals decision that his increase in symptomology necessitated these medical services at least temporarily. Assuming that to be so, however, the claim for those services is not compensable because of the failure to satisfy the Court of Appeals as trier of fact that his underlying disease had been so altered by the work environment as to produce the increase in symptomology.

ORS 656.206, 656.210, 656.212 and 656.214. Compensability in relation to symptomology is not a question of permanent increase versus temporary increase. If the increase in symptomology requires medical services or results in disability, either temporary or permanent, the claim for such services or disability is compensable if the restrictions of *Weller* are all satisifed. A permanent increase is not a prerequisite to compensability.

Despite the misinterpretation of *Beaudry* the Court of Appeals arrived at the correct result under what it found to be the facts in this case and under this court's expression of the law in *Weller v. Union Carbide, supra.*

Affirmed.