Argued and submitted August 29, affirmed in part
and reversed in part December 24, 1979

GRESSETT, Claimant,
*Petitioner,*

*v.*

WEYERHAEUSER COMPANY,
*Respondent.*

(WCB No. 77-7892, Claim No. 2-77-523,CA 13613)
604 P2d 427

Robert K. Udziela, Portland, argued the cause for petitioner. On the brief were Pozzi, Wilson, Atchison, Kahn & O'Leary, and Peter O. Hansen, Portland.

Paul L. Roess, Coos Bay, argued the cause for respondent. With him on the brief was Foss, Whitty & Roess, Coos Bay.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant in this worker's compensation case is a 44-year-old body and fender man who has worked for the employer for more than ten years. He has had marked, severe, degenerative arthritis, particularly of the thoracic spine. His work with the employer required repeated bending and lifting and working on his back, and, after a period of years, his back pain gradually caused him to be disabled. Claimant last worked on March 3, 1977, and subsequently filed his claim for worker's compensation benefits.

We need not detail the facts or evidence because we agree with the referee's and Board's conclusion that claimant's work activity with the employer worsened his preexisting condition. The Board, however, reversed the referee's order that the claim be accepted because the Board, relying on this court's decision in *Weller v. Union Carbide*, 35 Or App 355, 582 P2d 8 (1978), and *Stupfel v. Edward Hines Lumber Co.*, 35 Or App 457, 581 P2d 961 (1978), ruled that the claim was not compensable because there was no showing that the worsening was permanent. However, since the Board's order was entered in this case, the Supreme Court, on review of both *Weller*, 288 Or 27, 602 P2d 259 (1979) and *Stupfel*, 288 Or 39, 602 P2d 264 (1979), disapproved of this court's indication that the worsening of a preexisting condition must be permanent in order to be compensable. In *Weller*, the Supreme Court made it clear that a temporary worsening of the underlying disease is compensable if it requires medical services or results in temporary disability.

Accordingly, that portion of the Board's order reversing the referee's order that the claim be accepted is reversed. In all other respects, the Board's order is affirmed.

Affirmed in part and reversed in part.