In the Matter of the Compensation of
ACKERMAN,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND,
*Respondent.*

(WCB Case No. 78-8333, CA 16218)

Richard T. Kropp, Albany, argued the cause for petitioner. With him on the brief were Rick McCormick and Emmons, Kyle, Kropp & Kryger, Albany.

■■■■■■■■■■■■

Darrell E. Bewley, Associate Counsel, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

■■■■■■■■■■■■

## WARDEN, J.

Claimant appeals the denial of his workers' compensation claim for aggravation of a work-related knee injury. We affirm the rulings of the referee and Workers' Compensation Board and conclude claimant has not carried his burden of proof that the work injury, and not a subsequent sprain, was a material contributing cause of the present disabled condition of his knee.

On December 22, 1977, claimant stepped off a forklift and sprained his knee. He was not released for work by his doctor until January 5, 1978. The State Accident Insurance Fund (SAIF) awarded him temporary total disability from December 26, 1977, through January 4, 1978, and closed the claim. Claimant was able to return to work in January.

Eight months later claimant requested that his claim be reopened, which request was denied by SAIF on October 11, 1978. The basis for the denial was that a later incident, not the December, 1977, industrial accident, was responsible for his knee's present condition; on August 5, 1978, claimant had "landed wrong" and sprained his right knee after "spiking" a ball in a volleyball game.

Claimant contends that his present condition is the result of a steadily worsening condition of his December injury and that the "giving out" of his knee on August 5, 1978, was simply one of several occasions in which his knee had troubled him since his fall at work.

■■ Witnesses testified that after the December accident, and before the August one, claimant had complained of problems with the knee and that he had difficulty with activity. Claimant testified to experiencing pain in his knee during that period. Pain, however, unless disabling, is not compensable. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). Moreover, although in January his doctor had asked

him to return at the first sign of a flareup, claimant did not consult a doctor about his knee until August 8, 1978, three days after the incident at the volleyball game. It was also after this August incident that claimant requested that SAIF reopen his case. While delay in going to the doctor and requesting a reopening of his claim does not prove lack of causation, it does weigh against his argument that the August injury was not responsible for his present condition. *See Uris v. State Comp. Dept.,* 247 Or 420, 427 P2d 753, 430 P2d 861 (1967).

■ The medical evidence available after the August incident provides little assistance in the determination of the cause of claimant's condition. One of the examining physicians noted in correspondence with claimant's attorney, "the decision as to which injury caused his instability relies entirely upon the history given by the patient." The same physician, an orthopedic surgeon, stated in February, 1979, that:

"there is no way to tell by examining his knee at the present time as to when the injury occurred and [also] that there is no way to tell by examining his x-rays. I feel the decision must be based upon an evaluation of the clinical history of the events that occurred in December, the events that occurred during the six months, and the events that occurred in August."

Because the claimant did not seek medical assistance between January and August, there is no clinical history of his condition to evaluate. This lack makes impossible a determination of the cause of claimant's present condition.

We affirm the referee and the Workers' Compensation Board, concluding that claimant has not sustained his burden of proving that he is now disabled as a result of his December 22, 1977, injury at work.

Affirmed.