In the Matter of the Compensation of
Larry Cochell, Claimant.

## COCHELL,
*Petitioner,*

*v.*

## STATE ACCIDENT INSURANCE FUND CORPORATION,
*Respondent.*

(WCB Case No. 80-04312, CA A23338)

650 P2d 1088

Jeff Gerner, Salem, argued the cause for petitioner. With him on the brief was Michael B. Dye, Salem.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

The issue in this workers' compensation case is the compensability of claimant's foot condition. The referee found that the condition was compensable, and the Workers' Compensation Board reversed. We affirm.

Claimant has metatarsus primus varus, a congenital deformity of the right foot. This condition resulted in the formation of a bunion. The claim is based on an incident that claimant alleges occurred on April 21, 1980. Claimant, during his last day of work for Dalke Construction, jumped from a loading dock and fell. Another worker testified that claimant was limping when he got up. He saw Dr. Burr several days later. Dr. Burr found swelling, tenderness and redness over the first metatarsophalangeal joint of claimant's great toe. Dr. Burr also noted the congenital deformity and resulting bunion formation. Claimant reported that the foot had been asymptomatic until the April 21 incident. Because of the pain experienced after April 21, surgery was eventually performed, apparently in June, 1980. Dr. Burr performed a bunionectomy and realignment of the metatarsal bone. Claimant had had similar surgery on his left foot in 1978. His only contention is that the April 21 fall caused a worsening of his underlying condition, requiring medical treatment, and is therefore compensable under *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979).

The referee found that the medical reports showed objective signs of swelling, tenderness and redness after April 21. She noted that the independent witness testified that claimant was limping after the fall, although he had not been limping before the fall, nor did he have a swollen foot before the fall. She concluded that the fall aggravated the underlying condition and found the condition compensable.

The Board found that claimant was not credible[1] and that it was impossible to determine the cause of the

---

[1] The referee stated:

"The credibility of the claimant in this matter is important but not controlling. The medical reports do show that the claimant had objective signs of his foot problem: tenderness, swelling and redness. There was an independ-

swelling and tenderness observed by Dr. Burr. The Board went to great length to compile the discrepancies in claimant's story and even decided that "based on our intuition and insight, that this witness [to claimant's fall] was not as 'independent' as the Referee suggested."

We agree with the Board that there are indications in this record that claimant may not have been entirely truthful. We are not privy to the Board's "intuition and insight" and find no basis for disbelieving the witness to the fall. We do not, however, decide this case on the basis of credibility because, even accepting claimant's version of the April 21 fall, we find that he has not established that the fall caused a worsening of his underlying condition. Under *Weller v. Union Carbide, supra,* without a worsening of claimant's underlying condition for which medical treatment was required, the claim is not compensable.

Claimant was examined by two doctors after his fall. Dr. Burr treated him for the pain he experienced and eventually performed the corrective surgery. In a letter to claimant's attorney he stated:

> "Larry Cochell, by his history to me, had not had previous problems with this right foot. He indeed did have a long standing metatarsus primus varus with hallux valgus and bunion formation of a small degree, but this was asymptomatic. On April 21, 1980, after jumping up and down on the construction site, he started to have pain in his right foot which became exquisitely severe.

> "Past history was that he had a similar injury to his left foot years before which had the same metatarsus primus varus. He continued to have pain until surgery was performed.

> "The patient continued to have pain in his right foot and because of this continued pain surgical therapy was indicated and performed. The nature of the surgery was basically that of bunionectomy and realignment of the metatarsal bone."

---

ent witness who saw claimant fall and then limp somewhat immediately afterward, when he noticed no limp before the alleged fall."

The Board concluded that, because this statement followed a recital of the inconsistencies in claimant's accounts of the accident and his medical history, it amounts to a finding that claimant is less than credible. Claimant argues that the statement precedes facts tending to support the claim and therefore is a finding that claimant is credible.

Dr. Anderson, who examined claimant at SAIF''s request, reported:

"The injury that the patient sustained on April 21, 1980 did not alter or change the fundamental pathology which was pre-existing in his right foot. It did probably cause an increased amount of pain.

In *Cooper v. SAIF,* 54 Or App 659, 635 P2d 1067 (1981), *rev den* 292 Or 356 (1982), we held that, where work-connected activities caused an onset of pain only, without medical evidence of a worsening of the underlying condition, the claim is not compensable, even if the pain is of sufficient intensity to be disabling and require surgery. We said that "under *Weller,* we are not entitled to presume that pain and a worsening of the underlying condition are connected." 54 Or App at 664.

That principle is dispositive here. Claimant has not established that there was a worsening of his underlying foot condition. Dr. Anderson stated that there was no worsening of that condition. Dr. Burr stated only that the surgery was conducted because of the pain. He did not state that claimant's fall caused a worsening of the underlying, preexisting condition. Under *Weller* and *Cooper,* claimant has not established a compensable claim.

Affirmed.