Argued and submitted March 2, affirmed June 15, reconsideration denied on attorney fees August 19, petition for review denied on attorney fees October 18, 1983

(295 Or 773)

In the Matter of the Compensation
of Charles G. Wattenbarger, Claimant.

## BOISE CASCADE CORPORATION,
*Petitioner,*

*v.*

## WATTENBARGER,
*Respondent.*

(WCB 80-03922; CA A25271)

664 P2d 1123

Allan M. Muir, Portland, argued the cause for petitioner. On the brief were Schwabe, Williamson, Wyatt, Moore & Roberts, Ridgway K. Foley, Jr., and Delbert J. Brenneman, Portland.

J. Michael Alexander, Salem, argued the cause for respondent. With him on the brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Joseph, Chief Judge, and Warden and Young, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Employer appeals an order of the Workers' Compensation Board affirming the referee's award of permanent total disability. We affirm.

Claimant suffered a compensable crushing injury to his chest in March, 1976. His claim was closed by a determination order in September, 1977, awarding 15 percent unscheduled permanent partial disability. He continued to suffer breathing problems and requested a hearing. By a stipulated settlement on February 17, 1978, he agreed to accept an additional award of 17.5 percent unscheduled disability in lieu of pursuing his hearing rights. His breathing problems continued, and he was hospitalized in December, 1979, for treatment of a lung abscess and pneumonia. A medical report showed a causal relationship between those conditions and the 1976 injury, and his claim was reopened. A new determination order issued in April, 1980, awarding time loss only. Claimant appealed. The referee found him permanently and totally disabled. Employer appealed, and the Board affirmed.

Employer argues that claimant has recharacterized his claim on appeal as an aggravation claim when the issue litigated at the hearing was the extent of disability attributable to the 1976 injury. It maintains that, if we treat the claim as one for aggravation, claimant has not met the requirements for compensability of an aggravated condition stated in *Weller v. Union Carbide,* 288 Or 27, 35-36, 602 P2d 259 (1979). However, the *Weller* tests apply only to claims involving *occupational diseases. Florence v. SAIF,* 55 Or App 467, 638 P2d 1161 (1982). There is persuasive evidence that claimant's pneumonia and lung abscess were within the statutory definition of aggravation as "worsened conditions from the original injury." ORS 656.273(1). The claim was properly reopened for aggravation.

Employer does not argue that claimant is not permanently and totally disabled. It does, however, claim that the extent of his disability is attributable to bronchitis, emphysema and chronic pulmonary disease, which preexisted the 1976 injury but were not discovered until after the injury. It maintains, in essence, that the 1976 injury did not cause his permanent total disability — that the damage caused by the injury is permanent but only partially disabling.

■ The referee and the Board were free to consider conditions as they existed at the time of their decisions in determining whether claimant is permanently totally disabled, and claimant's preexisting disabilities were properly considered. Nothing in the statutes or the caselaw prohibits a redetermination of the extent of disability when a claim is reopened. *Lohr v. SAIF,* 48 Or App 979, 618 P2d 468 (1980).

Affirmed.