Argued and submitted June 29, affirmed August 8, reconsideration denied September 28, 1984, petition for review allowed, Court of Appeals reversed, remanded to Workers' Compensation Board January 15, 1985
See 298 Or 552, 693 P2d 1295

In the Matter of the Compensation
of Bert G. Harr, Claimant.

## ASC CONTRACTORS,
*Petitioner,*

*v.*

## BERT G. HARR,
*Respondent.*

(82-03306; CA A30063)

685 P2d 485

LaVonne Reimer, Portland, argued the cause for petitioner. On the brief were Michael G. Bostwick and Lindsay, Hart, Neil & Weigler, Portland.

James S. Coon, Portland, argued the cause for respondent. With him on the brief was Welch, Bruun and Green, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

ASC Contractors, the employer in this workers' compensation case, seeks reversal of an order on review of the Workers' Compensation Board, which found claimant's claim for carpal tunnel syndrome to be compensable. We affirm.[1]

The employer denied responsibility, because it asserted that claimant had experienced symptoms of carpal tunnel syndrome before he began to work for employer. Claimant admits to having suffered intermittent numbness in the first three fingers of each of his hands. He states that he experienced those symptoms for four years before he started working for employer and that they were worse when he was driving, at night and during the spring and fall seasons. However, he had been asymptomatic for several months before his employment, and there is no record of his having received medical treatment at any time for the condition, or that there had been any diagnosis of the condition.

The medical evidence indicates that, although claimant's employment was the major contributing cause of the "relapse" of what the doctors assumed was a preexisting carpal tunnel syndrome and caused that condition to become symptomatic, it did not materially worsen the underlying condition. The facts here are indistinguishable from those which we found to support compensability in *Wheeler v. Boise Cascade,* 66 Or App 620, 675 P2d 499, *rev allowed* 296 Or 829 (1984). Although claimant's employment did not worsen his underlying preexisting condition, it did cause that condition, which had not required previous medical care, to become symptomatic and to require medical treatment. Therefore, the claim is compensable. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979); *Wheeler v. Boise Cascade, supra.*

Affirmed.

---

[1] The employer also appeals the award of attorney fees. We find no error in the award.