Argued and submitted July 20, reversed and remanded with instructions
September 26, 1984

In the Matter of the Compensation of
Bobby Bush, Claimant.

BUSH,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(82-08805; CA A30312)

688 P2d 415

Ronald K. Cue, Ashland, argued the cause and filed the brief for petitioner.

Donna Parton Garaventa, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Claimant appeals an order of the Workers' Compensation Board which affirmed a referee's finding that the worsening of his preexisting varicose vein condition is not a compensable occupational disease. ORS 656.802(1)(a). We reverse and remand.

Claimant first noticed varicose veins in his legs in the late 1940s, when he was in his twenties. At that time he worked as a jockey, and he found that standing in the stirrups while riding made his condition worse. He stopped riding in 1949, although he has since worked as a horse trainer and riding instructor, as well as a cook. When he stopped riding, his varicose veins were relatively small and were limited to his upper thighs. A boxer-type swimming suit would cover them. The veins had not changed, nor had he had problems with them, before he went to work for the Ashland Hills Inn in March, 1982, as a cook.[1] At Ashland Hills he was required to stand on a hard surface floor for 90 percent of his work time. His previous cooking jobs had involved considerably more walking and much less standing.

About 10 days after starting work, claimant began feeling pain in his legs. He later noticed that his varicose veins were becoming more prominent, were spreading down his thighs and were appearing in his calves. By mid-July, when he last worked for Ashland Hills, his legs were painful, the veins were prominent and he had what his physician described as an area of phlebothrombosis on his right calf. His physician had observed the varicose veins in the course of a physical examination in January, 1981, and noted their existence. He did not believe that treatment was necessary at that time. When claimant complained about his varicose veins soon after he stopped working, his physician found the condition to be much worse; he told claimant then that surgery would eventually be necessary.

According to the medical evidence, varicose veins are the result of the valves in the veins becoming "incompetent" and unable to keep the blood moving. As a result, blood collects in the veins, causing them to dilate further, leading to

---

[1] SAIF is the insurer for Ashland Hills.

increased incompetence of the valves. Walking retards this progression, because exercising the leg muscles helps the veins circulate the blood. Standing for long periods, particularly on hard surfaces, worsens the condition because gravity and inertia tend to hold the blood in the legs. There are other factors which may also contribute to varicose veins, including aging and general inactivity. There also seems to be an hereditary component, particularly for women.

There is no doubt, and the referee and the Board so found, that claimant's work contributed to the objective worsening of his condition. The Board found, however, that he had not shown that his work was the major cause of the worsening, because he had not shown that other possible causes did not contribute 50 percent to his condition. We find otherwise.

Claimant's condition represents the worsening of an underlying disease process. For it to be compensable he must meet the tests of *Weller v. Union Carbide,* 288 Or 27, 35, 602 P2d 259 (1979) by showing that

> "(1) his work activity and conditions (2) caused a worsening of his underlying disease (3) resulting in an increase in his pain (4) to the extent that it produces disability or requires medical services."

We find that claimant's work activity worsened the underlying disease.[2] Before he began work at Ashland Hills, his varicose veins were in a limited area, and they had not progressed for many years. His work involved conditions which could lead to a worsening. The worsening which occurred while he worked does not reflect simply an increase in his symptoms. Rather, the varicose veins increased both in location and size, indicating that the valves in his veins were in a significantly worse condition than before. His off-the-job activities did not expose him to the conditions that his on-the-job duties did. He has also shown increased pain and a need for medical services as a result of the worsening.

---

[2] We thus do not need to apply our decision in *Wheeler v. Boise Cascade,* 66 Or App 620, 675 P2d 499, *rev allowed* 296 Or 829 (1984), to this case. In *Wheeler* we held that the claimant did not need to show a worsening of the underlying condition if he had been asymptomatic before the work caused the symptoms to appear. Here claimant has shown a worsening.

The Board found that claimant's work-related activities were not "the major contributing cause of the disability." *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982). We need not decide whether the Board was correct in interpreting this statement as requiring that the work-related activity be at least 51 percent of the total cause of the worsening of the disease, because we find that claimant's work was the major cause under any test. If the natural aging process were significantly involved, the worsening would have been more gradual than it was. There is no evidence of off-the-job activity or of arteriosclerosis that could contribute to the condition. Claimant's physician testified that he is unaware of any medical evidence which would link claimant's hypertension to his varicose veins. The Board suggests no other conditions which might be involved, and we find none. Not only was claimant's work activity the major cause of the worsening, it is not clear that there was any other cause. *See Dethlefs v. Hyster Co.,* 295 Or 298, 667 P2d 487 (1983).

Reversed and remanded with instructions to accept the claim.