Argued and submitted November 14, 1984, reversed and remanded for reinstatement of denial March 20, 1985

In the Matter of the Compensation of
Virgie Killmer, Claimant.

ROSEBURG LUMBER COMPANY,
*Petitioner,*

*v.*

KILLMER,
*Respondent.*

(83-00075; CA A31378)

696 P2d 1145

H. Scott Plouse, Medford, argued the cause for petitioner. With him on the brief was Cowling & Heysell, Medford.

Stephanie S. Collison, Eugene, argued the cause for respondent. On the brief were John Silk, and Bischoff & Strooband, P.C., Eugene.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The issue in this workers' compensation case is whether claimant has established a compensable occupational disease claim for a cyst in her left groin. The referee and the Workers' Compensation Board, one member dissenting, held that the claim was compensable. The employer appeals, and we reverse.

Claimant has a history of chronic pain. One of the medical reports in the record states that she developed numbness in her left leg and foot in 1968 or 1969. In 1974, she had a lumbar fusion. She had a cyst removed from the area of her left groin in 1973 or 1974. In 1976, a cyst was removed from one of her ovaries. After the July, 1982, removal of the cyst involved in this case, she continued to experience pain over most of her body. She suffers from pain in her legs, arms and low back, has tension in her neck and shoulders and suffers from frequent headaches. In February, 1983, one examining physician expressed the opinion that the majority of her complaints are related to a major depressive disorder. The only ailment involved in this case is the cyst discovered and removed in 1982.

Claimant began working for employer in 1980. She first worked "pulling on the dry belt," later worked "off-bearing on the round table" and finally was moved to working as a "plugger," which involved plugging knotholes and patching veneer. As a plugger, she stood on her feet all day and operated a foot pedal with her right foot. Her regular job in September, 1981, was as a plugger, but she occasionally relieved other workers on the dry belt and the dryers.

On approximately September 14, 1981, she began to experience "funny feelings" in her left leg. She described them as a "burning numbness and just like a band around your leg" and stated that it felt as if her pant legs were getting wet. She sought the advice of a doctor, but no specific problem was diagnosed at that time. She returned to work after a short time.

The sensation in her leg progressively worsened until she could hardly walk. In June, 1982, she was examined by Dr. Meharry. He discovered a cyst in her left groin, which he removed the following month. He was of the opinion that the

cyst was aggravated, but not caused by, claimant's work conditions. He wrote a letter to employer on September 2, 1982, stating, "This patient's work aggravated her leg in such a way she was unable to work beginning July 2, 1982."

On September 13, 1982, claimant filed a claim for workers' compensation, which was denied. She requested a hearing. The referee found that the cyst was asymptomatic before September 14, 1981, and concluded that, because the work conditions caused it to become symptomatic, requiring medical services and causing disability, the claim was compensable. The Board affirmed, one member dissenting on the ground that there was no evidence that work conditions were the major contributing cause of the worsening of the cyst condition. Employer appeals, arguing that the Board erred in finding that claimant sustained her burden of proving that the claim for removal of the cyst was compensable.

Claimant argues that her claim is compensable under our decision in *Wheeler v. Boise Cascade,* 66 Or App 620, 675 P2d 499 (1984), which held that when work conditions cause a previously asymptomatic condition to become symptomatic, requiring medical treatment or causing disability, the claim is compensable even though there is no worsening of the underlying condition. That decision was reversed after the parties in this case had submitted their briefs and presented oral arguments. *Wheeler v. Boise Cascade Corp.,* 298 Or 452, 693 P2d 632 (1985). The Supreme Court, following *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), held that, in order to prevail, a claimant must show a worsening of the underlying condition, whether the condition is symptomatic or asymptomatic at the time of employment. Under *Weller,* claimant must prove by a preponderance of the evidence that (1) her work activity and conditions (2) caused a worsening of her underlying disease, (3) resulting in an increase in pain (4) to the extent that it produces disability or requires medical services. The work activities need not be the sole cause of the worsened condition, but they must be the major contributing cause. *Dethlefs v. Hyster Co.,* 295 Or 298, 667 P2d 487 (1983); *SAIF v. Gygi,* 55 Or App 570, 639 P2d 655, *rev den* 292 Or 825 (1982).

The only doctor to report on the relationship between claimant's work and the cyst was Dr. Meharry. As noted

previously, his letter to employer states that her work "aggravated her leg." He did not explain how her work "aggravated her leg." On an application for health insurance benefits filed by claimant, Dr. Meharry indicated that her work had not caused the cyst, but possibly had aggravated it. On March 29, 1983, he wrote to claimant's attorney:

> "This letter is written regarding my opinion as to whether Mrs. Killmer's work activities were a major contributing cause for her worsened condition. When I first saw her on June 17, 1982, regarding the pain in her left thigh we felt that she did have a problem and that she was unable to work with the condition as it was. Working probably aggravated it but did not cause the problem. As you are probably aware, she was taken to the operating room on the 9th of July, 1982. At this time Iliopsoas cyst was removed from the left groin which was probably a synovial or ganglionic cyst with mucoid fluid according to the pathology report. There was probably no question that any work or activities aggravated this type of problem. But, I wouldn't state that the work caused this type of problem; although, if she does any heavy type of work this will definitely aggravate and worsen her arthritic problems. This of course will make pain control more difficult to manage."

Claimant argues that that last letter satisfies the requirement to show that her work was the major contributing cause of her worsened condition. We disagree. We note first that it is entirely unclear from the medical evidence exactly what claimant's underlying condition is. We cannot discern whether the cyst is a disease or a symptom of a disease. Assuming that the references in the reports to a "condition" refer to some underlying disease, we do not interpret Dr. Meharry's letter as supporting the conclusion that claimant's work activity was a major contributing cause of a worsening of that disease. It reiterates his opinion that work conditions did not cause the cyst to appear, but did "aggravate" it. It states merely that work conditions were *a* cause of the worsened condition; it does not answer the question of whether work conditions were the major contributing cause. Thus, claimant has failed to sustain her burden of proof.

Reversed and remanded for reinstatement of the denial.