Argued and submitted January 13, affirmed November 2, 1988

In the Matter of the Compensation of
Irene Jensen, Claimant.

JENSEN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION MANAGEMENT et al,
*Respondents.*

(WCB 86-03379; CA A44025)

763 P2d 738

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were Karen M. Werner and Malagon & Moore, Eugene.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee and upheld SAIF's denial of her occupational disease claim. On *de novo* review, we affirm.

Claimant, who is now 55 years old, worked for the State Employment Division. In 1980, she was transferred to the claims department, which involved some standing, more activity and stressful contact with sometimes hostile claimants. After several months in that department, she developed severe back pain and was hospitalized. The diagnosis was a marked narrowing of the space between two discs resulting from a degenerative disc disease. She returned to work but quit in 1981 because of back pain and then worked with her husband in a plant nursery business. Her back pain abated during that time.

In early 1983, she returned to the claims department of the Employment Division. Her back pain returned within a few months, and she again sought treatment. The diagnosis and treatment were the same as in 1981. After returning to work with a reduced work load, she quit in August, 1984, and filed an occupational disease claim in December, 1985.

The medical evidence, in addition to the diagnosis of disc disease, consists of reports by Dr. Lahti, claimant's treating physician, and Dr. Langston, who examined claimant at the request of SAIF. Both physicians agreed with the earlier diagnosis and concluded that the disc disease was not caused by claimant's work. They also stated that she had a strain superimposed on the degenerative condition that was produced by the work which she described.

The referee held that the strain was a separate condition from the disc disease and was compensable, because the major contributing cause of it was the stress at her employment. The Board, in reversing the referee, concluded that the two doctors were merely describing symptoms of the degenerative disease and not a separate condition. We agree with the Board essentially. Neither physician described a work-caused strain that was separate from the symptoms that the stress produced on the disc disease. There was no worsening of the

underlying condition. *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979).

Affirmed.