Argued and submitted October 30, 1981, reversed and
remanded with instructions March 8, 1982

In the Matter of the Compensation of
William Valtinson, Claimant.

VALTINSON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(No. 80-07387, CA A21494)

641 P2d 598

Peter W. McSwain, Salem, argued the cause for petitioner. On the brief were Lyle C. Velure, and Malagon, Velure & Yates, Eugene.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Richardson and Warren, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Claimant appeals an order of the Workers' Compensation Board reversing the referee's order that the State Accident Insurance Fund accept his low back injury claim. The sole issue in this case is whether claimant suffered a compensable on-the-job injury or merely has non-compensable symptoms of an occupational disease. On *de novo* review, ORS 656.298(6), we find claimant sustained a compensable injury and reverse the Board's order.

Claimant has a long history of low back problems. He underwent surgery in 1956 and 1961 and was treated again in 1974 after lifting an oil barrel while on the job. Since the 1974 incident and until the present claim arose, claimant had no problems with his back. In 1976 he began working as a county corrections officer. The job entailed physical exertion on occasion, especially in restraining prisoners. His co-workers testified that he carried out his duties without complaint, and claimant stated that he had no problems resulting from this work. He also was active in recreational activities, with no back problems.

On June 21, 1980, claimant drove the jail van from Grants Pass to Portland to pick up a prisoner and transport him to Grants Pass. During the return trip, claimant began to experience sharp low back pains which radiated into his right leg. Driving the jail van was not part of his usual job duties, but was an extra duty that the county employees could voluntarily perform. A week before June 21, claimant had accompanied another employee to Salem on a similar mission and had had no resulting problems. He did little or none of the driving on that trip. However, he was alone on the trip to Portland and did all of the driving, stopping only for short breaks. Because of the pain, claimant was unable to return to his job. He promptly reported the incident, sought medical treatment and filed a claim with SAIF.

Claimant was examined by Dr. Kendall on June 30, 1980. His report stated: "IMPRESSION: Exacerbation of chronic low back pain (work-related)." SAIF denied the claim on July 24, 1980, finding no evidence of an on-the-job accident or incident that could have produced the condition. Dr. Campagna examined claimant on July 28, 1980. His

report stated: "IMPRESSION: Severe nerve root compression L5 right, secondary to herniated nucleus pulposus as a result of industrial accident of 6-21-80."

The issue is whether claimant sustained an on-the-job injury, which is compensable, or merely suffers from increased symptoms of a preexisting condition, which is not compensable. The Workers' Compensation Board considered the claim to be the latter, and it reversed the referee's order to SAIF to accept the claim.

SAIF concedes that if the exertion of driving from Grants Pass to Portland is deemed an injurious event, the claim is compensable, but it argues that the onset of claimant's pain was gradual and the driving incident produced only symptoms of claimant's underlying back problem. The critical inquiry is whether the driving incident occasioned an injury.

The Supreme Court distinguished between an injury and a disease in *James v. SAIF*, 290 Or 343, 348, 624 P2d 565 (1981), adopting our reasoning in *O'Neal v. Sisters of Providence*, 22 Or App 9, 537 P2d 580 (1975):

"'* * * What set[s] occupational diseases apart from accidental injuries [is] both the fact that they can [not] honestly be said to be unexpected, since they [are] recognized as an inherent hazard of continued exposure to conditions of the particular employment, and the fact that they [are] gradual rather than sudden in onset. * * *'" 22 Or App at 16 (quoting 1A Larson, Workmen's Compensation Law, § 41.31 (1973)).

The court in *James* illustrated the distinction by discussing *Olson v. State Ind. Acc. Com.*, 222 Or 407, 352 P2d 1096 (1960), in which a worker died from a heart attack that occurred while he was performing no more than the usual exertion on his job. The court observed: "If the heart condition in *Olson* had been an occupational disease rather than an injury, it would not have been compensable." 290 Or at 350. The court concluded that *Olson* was correct in determining that claimant's heart condition was the result of a compensable injury.

■ ■ In the present case claimant was subjected to the ordinary stress of his job but, because of his susceptibility to back problems, the stress of the long drive resulted in

injury. The injury was unexpected, as claimant had been free of low back trouble since 1974. The injury was sudden, in that it affected claimant in only a matter of hours. The evidence pointed to no instantaneous event that caused his pinched nerve. The distinction between disease and injury, described in *James v. SAIF, supra,* is based in part on whether there is a sudden onset of the condition as opposed to a gradual one. We do not equate "sudden in onset" with instantaneous. It is clear that the injury from the physical stress of driving the van occurred during a discrete period, as compared to the onset of an occupational disease over a long period of time. Both examining physicians linked claimant's condition to work activity. We are satisfied that claimant's drive to Portland on June 21, 1980, was an injurious event. *Cf. Sauer v. Pioneer Adjustment,* 44 Or App 715, 606 P2d 1177, *rev den* 289 Or 45 (1980) (back injured when claimant stood up rapidly from bent-over position in swivel chair); *Patitucci v. Boise Cascade Corp.,* 8 Or App 503, 495 P2d 36 (1972) (back injury superimposed on underlying psychological problems). Claimant sustained a compensable on-the-job injury.

Reversed and remanded with instructions to reinstate the order of the referee.