Argued and submitted April 29, reversed and remanded June 22, 1983

In the Matter of the Compensation of
William R. Jameson, Claimant.

JAMESON,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(81-01724; CA A26372)

665 P2d 379

Allan H. Coons, Eugene, argued the cause for petitioner. With him on the brief was Coons & McKeown, P.C., Eugene.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant appeals from an order of the Workers' Compensation Board, which reversed the referee and held that claimant's back condition was not compensable. We reverse.

On October 10, 1979, claimant was employed by a company, then insured by SAIF, when he stepped into a hole, tripped, fell against the trunk of a tree with his right shoulder, lost his footing and rolled for some distance down a steep incline. He was treated initially for injury to his right shoulder. On his second visit to the doctor, five days after the incident, claimant began to complain about pain in his low back. Prior to his industrial injury, claimant had had no back problems. He was treated conservatively for his low-back condition for quite some time. During a laminectomy, it was discovered that claimant had a small lipoma in his back, which was then removed. When his symptoms did not subside, a second surgical procedure was performed, at which time it was discovered that claimant had a large lipoma in his back, perhaps the result of incomplete removal of the first lipoma. SAIF has denied the claim for the lipoma in claimant's back. The referee found the condition compensable, but the Board reversed, affirming SAIF's denial.

The medical evidence is ambiguous and inconsistent as to whether the accident aggravated claimant's lipoma or merely aggravated claimant's symptoms. SAIF argues that under the rule enunciated in *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), and by this court in *Cooper v. SAIF,* 54 Or App 659, 635 P2d 1067 (1981), *rev den* 292 Or 356 (1982), claimant does not have a compensable disability, because the accident merely increased claimant's symptoms without worsening what SAIF contends is the underlying disease. We believe SAIF's argument misses two essential points: first, claimant's disability is the result of an accident and not an occupational disease, so *Weller* does not apply; and, second, the underlying cause of the disability is not the lipoma itself, but pressure on the nerve roots which causes the disabling pain in his injured back. It is undisputed that claimant had no back pain of any kind prior to the job-related accident. It is also undisputed that claimant suffered onset of pain after, and as a direct result of, the accident.

Although each of the doctors expresses a different theory, and each theory is couched in terms of possibilities rather than probabilities, the totality of the medical evidence establishes that the work-related accident caused claimant's preexisting lipoma to increase the pressure on claimant's nerve roots, thereby causing symptoms of low-back pain requiring treatment. Pressure on nerve roots was materially worsened by claimant's accident and is, therefore, compensable.

Reversed and remanded for reinstatement of the referee's order.