Argued and submitted July 11, reversed and remanded October 26, 1983

In the Matter of the Compensation of
Richard D. Harris, Claimant.

HARRIS,
*Petitioner,*

*v.*

ALBERTSON'S INC., et al,
*Respondents.*

(78-07592; CA A26123)

670 P2d 1059

Robert K. Udziela, Portland, argued the cause for petitioner. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

LaVonne Reimer, Portland, argued the cause for respondents. With her on the brief was Lindsay, Hart, Neil & Weigler, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Claimant appeals from an order of the Workers' Compensation Board (Board) affirming a referee's determination that claimant's lower back condition is not compensable. We reverse.

On December 26, 1977, claimant, a 48 year old frozen food key man and occasional grocery checker at Albertson's, was injured in an off-the-job rear-end automobile accident. Following the accident, claimant was treated for pain in his entire spine, with most of the pain concentrated in his neck and shoulder area. He also experienced some lower back discomfort and was prescribed a back brace, which he wore for a time. He returned to work on April 2, 1978, gradually assuming his regular duties, but he experienced occasional lower back pain when he was required to stand in one spot for a long while.

On June 23, 1978, claimant, while working as a grocery checker, turned to put a bag of groceries into a customer's cart, felt something in his lower back "snap" and experienced an immediate onset of severe pain. He was relieved of his duties and taken to the hospital, where he was diagnosed as having an acute muscle strain. He was later diagnosed by an orthopedic surgeon as suffering from chronic cervical and lumbar strain.

On August 24, 1978, Albertson's carrier denied claimant's claim on the ground that his complaints were not the result of a specific incident at work, but a natural progression of his injuries suffered in the automobile accident. The referee, affirming the denial, concluded that, under *Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979), claimant's back claim failed "to meet the requirement that more than mere symptoms of a pre-existing condition need be increased for the result to be compensable." The Board affirmed and adopted the referee's order.

The initial issue is whether the claimant suffered an on-the-job injury which was a material contributing cause of his disability. An injurious event is one that is sudden, unexpected and occurs during a discrete period of time. *Valtinson v. SAIF,* 56 Or App 184, 641 P2d 598 (1982). The evidence establishes that, although claimant did have some

residual back pain, it was the lifting of the bag of groceries that caused him to experience a snapping in his back, followed by an immediate onset of pain unlike any he had experienced previously. The incident meets the injurious event criteria, and we find as a matter of fact that claimant suffered an on-the-job injury.

■       The medical evidence, on which respondent relies, is not to the contrary. Dr. Mathiesen, who initially treated claimant for his automobile accident injuries, stated:

> "It is my medical opinion that the patient's pain which he noted on June 23, 1978, while checking groceries at Albertson's is a direct aggravation of his pre-existing back sprain injuries of the automobile accident on December 26, 1977."

Dr. Neufeld, an orthopedic surgeon, stated that:

> "* * * I would feel that the back difficulty probably would have to be related to his original injury, and perhaps there was some aggravation of the original injury that occurred while he was at work. I cannot say for sure, but it is doubtful that he would have had the problem at work if there had not been the original injury."

Although these statements are not models of certainty, we find from the medical history, viewed in conjunction with these medical opinions, that the "back difficulty" referred to by Dr. Neufeld was the result of a discrete injury. Claimant's pre-existing susceptibility to this type of difficulty does not defeat his claim.

■■       Having found that claimant suffered an on-the-job injury, the only question remaining is whether claimant has met the requisite burden of proof. The referee incorrectly applied the standard of proof set out in *Weller v. Union Carbide, supra,* in finding this claim noncompensable. When a disability is the result of an accidental injury, rather than an occupational disease, *Weller* does not apply. *Jameson v. SAIF,* 63 Or App 553, 665 P2d 379 (1983). In injury cases, the correct standard of proof is that a claimant must establish by a prepondence of the evidence that the industrial injury was a material contributing cause of the existing disability. *Hutcheson v. Weyerhaeuser,* 288 Or 51, 602 P2d 268 (1979); *Briggs v. SAIF,* 36 Or App 709, 585 P2d 719 (1978). In this

case, although no doctor used the language "material contributing cause," the evidence as a whole supports compensability. Before the lifting injury, claimant had returned to work full time, assuming his regular duties. After the injury, claimant was in such severe pain that he could not return to work. The new injury which produced this pain materially contributed to his disabling condition. Claimant has met his burden of proof; his claim is compensable.

Reversed and remanded.