Argued and submitted March 25, reversed and remanded with instructions
August 21, 1985

In the Matter of the Compensation of
Munzo Mashadda, Claimant.

MASHADDA,
*Petitioner,*

*v.*

WESTERN EMPLOYERS INSURANCE et al,
*Respondents.*

(82-01374; CA A32602)

705 P2d 234

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Bruce L. Byerly, Portland, argued the cause for respondents. With him on the brief was Moscato & Byerly, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

WARDEN, J.

Claimant seeks judicial review of a Workers' Compensation Board order that reversed a referee's order setting aside employer's denial of his claim. The parties agree that while claimant was operating a dirt compaction roller on September 2, 1981, the machine tipped over. They dispute, however, whether that incident resulted in a compensable injury to claimant. On *de novo* review, we reverse and remand.

The referee specifically found that claimant was not credible. The Board and we agree. The record is replete with inconsistent testimony by claimant as to the details of the accident and his injuries. The medical evidence shows that claimant was malingering, a conclusion which was confirmed by surveillance of him by employer. The issue, then, is whether the evidence preponderates in favor of a finding of a compensable injury within the meaning of ORS 656.005(8)(a) which provides in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, arising out of and in the course of employment requiring medical services or resulting in disability or death * * *."

The referee found the injury compensable on the basis of the testimony of a fellow worker who saw the accident and the initial reports of the treating physician, Dr. Goertz, who examined claimant on the day after the purported injury and treated him thereafter. The referee concluded:

"As I indicated earlier, I find that an incident did occur on September 2, 1981.

"* * * * *

"The claimant saw Dr. Goertz at 3:15 the following day[.]

"* * * * *

"[T]hat afternoon there are sufficient complaints that Dr. Goertz ordered x-rays of the claimant's wrist and back. Although there are no hard objective findings, there was tenderness present to such a degree apparently that Dr. Goertz diagnosed both back and left wrist sprain. He also kept the claimant off work.

"* * * * *

"But I don't think [claimant] engineered an incident. Although I distrust his testimony, I don't think he expected

that roller to roll over in the manner it did. And although given the problems with the credibility that I have noted, those problems all occur long after the claimant first sought treatment with Dr. Goertz."

The report filed by Goertz after the initial examination gave as the nature of the injury that the "[p]atient was operating rolling machine, the machine fell over and the patient fell with it." The diagnosis was "sprain, back and left wrist."

The Board found no objective evidence of disability or the need for medical services but only subjective symptoms of injury stated by claimant, who was not credible. The Board apparently found that Goertz retracted his initial diagnosis when he wrote the following in a referral letter of December, 1981:

"This is in reference to [claimant]. This is a 31 year old man who was on the job one day last September when he reported that his roller turned over, throwing him to the ground. He had some immediate low back pain and was seen the next day at our clinic where other than some upper lumbar tenderness his exam was basically normal. The x-ray was also normal at that time. I assumed it was a simple strain and treated him conservatively with Motrin and rest. His back symptoms initially got better but then worsened again and have continued basically unchanged, still without any significant objective evidence of strain."

■ We do not find that language to constitute a retraction of his first diagnosis. That claimant later falsified his symptoms does not mean that the back strain diagnosed the day after the accident was not a legitimate complaint. The Board has interpreted the initial medical examination in the light of claimant's later malingering. We view the malingering as relevant only to the issue of the amount of compensation.

■ Employer concedes that an accident occurred. From witnesses' accounts of it, it was of sufficient violence to have caused an injury. Goertz' notes of his examinations of September 3, 8 and 15, 1981, all mention lumbar tenderness and spasm, from which he diagnosed a simple strain. Dr. Wilson, the neurologist to whom Goertz referred claimant, also diagnosed a chronic lumbar strain in his examination of January 8, 1982.

On our review of the record, we conclude that the

accident, which employer concedes occurred in the course and scope of employment, produced an injury to claimant which required medical services. Claimant's lack of credibility as to the extent of his disability goes to the compensation to be awarded. We are satisfied that the accident resulted at least in the need for medical treatment, and the amount of compensation can be determined on remand.

Reversed and remanded with instructions to accept the claim.