Argued and submitted September 15, 1986, reversed April 22, 1987

In the Matter of the Compensation of
Adolph T. Huhnholz, Claimant.

WAUSAU INSURANCE COMPANY et al,
*Petitioners,*

*v.*

HUHNHOLZ,
*Respondent.*

(WCB 85-00963; CA A38134)

735 P2d 1292

David Horne, Beaverton, argued the cause and filed the brief for petitioner Wausau Insurance Company.

No appearance for petitioner Thomas Industries.

Barbara Woodford, Portland, argued the cause for respondent. With her on the brief was Haugh & Foote, P.C., Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Employer and its insurer petition for review of an order of the Workers' Compensation Board holding that claimant had suffered a compensable injury. We reverse.

Claimant is 61 years old and has worked for employer almost continuously for 18 years as a painter. He prepared and painted firescreens and fireplace accessories, handling and lifting the parts before and after painting. In 1962, he was treated for low back problems. He again experienced back problems in the late 1970's. In the summer of 1984, a reduction in the workforce resulted in an increase in claimant's workload. He testified that on June 6, 1984, his back significantly worsened after he had lifted large racks of Teflon all day. After that, the pain in his back worsened. He was off work in June and July with kidney stone problems, returned to work in the fall, but he left work finally in October.

Claimant's treating physician, Dr. Rideout, diagnosed degenerative disc disease, osteoarthritis and chronic low back strain. He testified that claimant's work activities caused the symptoms to increase, but that it could not be determined objectively whether the degenerative process had been accelerated by the work activities.

Dr. Rosenbaum, a specialist in rheumatology, examined claimant at the request of insurer. He testified that osteoarthritis is an ongoing process, which may be made symptomatic by repetitive lifting but which will not be worsened by such activity. He stated that osteoarthritis could be worsened by a direct injury. Rosenbaum was not aware of the change in claimant's workload in 1984 but stated that, if claimant had had to do a lot of lifting and moving, he would have more pain symptoms without a change in the underlying condition. The medical evidence shows that claimant's pain is caused by the osteoarthritis.

The Board concluded that, although there had been an increase in symptoms, claimant had not established a compensable occupational disease, because there was no persuasive evidence that the pre-existing condition was worsened by his employment. *See Weller v. Union Carbide,* 288 Or 27, 602 P2d 259 (1979). However, the Board, relying on *Valtinson*

*v. SAIF,* 56 Or App 184, 641 P2d 598 (1982), held that claimant had shown a connection between the specific June 6 work and the onset of his disability and, thus, had shown a compensable injury.

In *Valtinson,* the claimant had been free of back pain before he drove a jail van from Grants Pass to Portland and back. He began to suffer low back pain on the return trip. We held that the claimant had suffered a compensable injury. Although the onset of his pinched nerves was not "instantaneous," it had occurred in a matter of hours. Here, unlike in *Valtinson,* there was no sudden onset of pain over a discrete period. Although claimant testified that after lifting the racks of Teflon his back hurt "real bad," he also testified, and the medical evidence showed, that his back had hurt periodically before the June incident. He did not seek medical treatment for low back pain until September, 1984, and even then continued to work, except for time off for his kidney stone problems.

We agree with insurer that, at most, claimant's work made his pre-existing condition symptomatic. Both physicians agreed that activity could cause a worsening of the symptoms but that they could not conclude that the osteoarthritis itself was affected by the work activities. Claimant did not show that the June 6 work, rather than the pre-existing osteoarthritis, resulted in the need for medical attention. The evidence does not support the conclusion that claimant suffered a compensable injury or an occupational disease. *See Cooper v. SAIF,* 54 Or App 659, 635 P2d 1067 (1981), *rev den* 292 Or 356 (1982).

Reversed.