Argued and submitted April 17, affirmed November 13, 1991

In the Matter of the Compensation of
Donald J. Taylor, Claimant.

Donald J. TAYLOR,
*Petitioner,*

*v.*

MULTNOMAH COUNTY
SCHOOL DISTRICT NUMBER 1,
*Respondent.*

(WCB No. 88-09071; CA A65698)

820 P2d 825

David C. Force, Portland, argued the cause for petitioner.
With him on the brief were Glen J. Lasken and Vick &
Gutzler, Portland.

Craig A. Staples, Portland, argued the cause for respondent. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

JOSEPH, C. J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

**JOSEPH, C. J.**

Claimant seeks review of an order of the Workers' Compensation Board that adopted the order of the referee holding that he had suffered no compensable injury. We affirm.

Claimant had worked for 13 years as a custodian for employer. He was treated for back pain unrelated to his work in 1970 and in 1980. He was injured in a car accident in 1986 and has had sacroiliac back pain since then. In December, 1987, he developed lower left back and left leg pain. In January, 1988, that pain increased after he had moved school gym bleachers. On February 9, it also increased after he lifted a wrestling mat at work. On February 11, he filed an injury claim stemming from the mat incident. On April 12, he underwent surgery to correct a herniated disc.

The Board specifically found that claimant is not credible. It concluded that his work activities were not a material contributing cause of his back condition or the need for treatment. Claimant assigns as error the finding that he is not credible. He also asserts that, even if he is not credible, he proved by a preponderance of the evidence that he suffered a compensable injury.[1]

■  The Board based its credibility finding on inconsistencies in claimant's testimony and in the information that he supplied on the claim form and on an earlier medical form.[2] There is sufficient evidence to support the finding that he is not credible. However, it does not necessarily follow that he did not prove his claim. The issue for us is whether there is substantial evidence to support the conclusion that he had not suffered a compensable injury. ORS 656.005(7)(a); *see*

---

[1] Claimant argues that he was compensably injured in January when he moved the bleachers and again in February when he lifted the mat. However, he filed a claim only for the mat incident. The Board did not, and we do not, address the bleacher incident.

[2] Claimant initially testified that he had never received back treatment before December, 1987, but, on cross-examination, he acknowledged that he had been treated in 1970 and 1986. In December, 1987, he saw Dr. Welck, a chiropractor, and wrote on a form that he had experienced lower left back pain and leg pain for the past year. On the injury report form in this case, he said that he had hurt his left lower back only 2 months earlier. He also reported to Welck that he had not had "this or similar [back pain] in the past," although he had been treated for back pain before at least 3 times.

*Mashadda v. Western Employers Insurance,* 75 Or App 93, 95, 705 P2d 234 (1985).

In *Wausau Insurance Company v. Huhnholz,* 85 Or App 199, 735 P2d 1292 (1987), we held that the claimant did not suffer a compensable injury when he lifted objects at work and preexisting osteoarthritis in his back became more painful. We explained that he was not injured within the meaning of ORS 656.005(7)(a), because

> "there was no sudden onset of pain over a discrete period. Although claimant testified that after lifting the racks of Teflon his back hurt 'real bad,' he also testified, and the medical evidence showed, that his back had hurt periodically before the June incident. * * * [A]t most, claimant's work made his preexisting condition symptomatic." 85 Or App at 202.

■ Claimant has suffered continuous low back pain since 1986. He had suffered lower left back and left leg pain for at least a month before he lifted the mat. *Compare Valtinson v. SAIF,* 56 Or App 184, 188, 641 P2d 598 (1982). He had previously sought treatment for pain in precisely the same area. Dr. Silver, the neurosurgeon who operated on claimant's disc, concluded that the mat incident did not independently contribute to the herniation. There is substantial evidence to support the Board's finding that claimant's preexisting condition, rather than the February 9 incident, caused him to need medical services.

Affirmed.