Argued and submitted February 28, affirmed October 14, 1992

In the Matter of the Compensation of
William R. Nelson, Claimant.

## William R. NELSON,
*Petitioner,*

*v.*

## SPARC ENTERPRISES
and SAIF Corporation,
*Respondents.*

(90-04657; CA A70460)

839 P2d 271

Robert L. Ackerman, Springfield, argued the cause for petitioner. With him on the brief was Ackerman, DeWenter & Huntsberger, P.C., Springfield.

Thomas E. Ewing, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Claimant seeks review of a Workers' Compensation Board order denying compensability of his claim. The issue is whether substantial evidence supports the Board's conclusion that claimant failed to prove that his hernia condition is causally related to his employment. We affirm.

Claimant worked as a lawn-maintenance supervisor. On October 19, 1989, he filed a worker's compensation claim for a shoulder injury that he had sustained that day. Four days later, Dr. Purtzer examined claimant's shoulder. Claimant also asked him about a bulge in his groin. Purtzer referred him to Dr. McCall, whom claimant saw on December 18, 1989. McCall diagnosed left and right inguinal hernias. The same day, claimant filed a worker's compensation claim for the hernias. He alleged that he had suffered the injury while lifting a lawn mower into a truck on June 1, 1989, at 9:45 a.m. Employer denied the claim.

At the hearing, claimant explained that he did not know the exact date of his injury but estimated that it had occurred in late June or early July, 1989. He testified that, on the day he was injured, he reported the incident and left work early. His time card, and that of Park, who claimant said witnessed the accident, showed that they left work at noon on June 5, 1989. Park substantially corroborated claimant's testimony, except that he testified that claimant returned to work after he was injured. Claimant used three hours of sick leave on July 21, 1989. Park did not work that day. During the rest of June and July, claimant and Park worked eight hours every day, with occasional overtime. Claimant's supervisor's assistant testified that claimant and Park reported an injury to her in mid-July, 1989, at about 1:30 p.m. Claimant testified that he experienced severe pain from the hernias and that he had difficulty performing even simple tasks. His work records, however, disclose no time loss or problems with fulfilling his duties. The referee found that claimant was not a credible witness and upheld SAIF's denial. The Board affirmed.

Claimant assigns error to the Board's determination that he was not credible. Employer's time records and the

statements of other witnesses directly contradict his testimony. There was evidence that Park, the only witness who agreed with claimant's version of the events surrounding the injury, was a disgruntled former employee who had pledged to extract revenge from his supervisor and employer's customers. Substantial evidence supports the Board's decision.

Claimant also argues that, under *Taylor v. Multnomah County School Dist. No. 1*, 109 Or App 499, 820 P2d 825 (1991), his lack of credibility about the date of injury does not necessitate the conclusion that his injury is not compensable. In *Taylor*, we held that, even if a claimant is not credible, we must determine whether substantial evidence supports a conclusion that the claim is not compensable.

Substantial evidence supports the Board's decision. Claimant's testimony, which the Board was entitled to reject, concerned not only the date of the alleged injury but whether an injury happened at work. That distinguishes this case from *Taylor*, where the claimant's inconsistent testimony concerned his history of back treatment, not whether his injury was caused by the employment.

Affirmed.