60 October 8, 2025 No. 870

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Compensation of
Nancy L. Anderson, Claimant.
FRED MEYER STORES - KROGER CO.,
*Petitioner,*

*v.*

Nancy L. ANDERSON,
*Respondent.*

Workers' Compensation Board
2104738;
A181175

Argued and submitted July 31, 2024.

Rebecca A. Watkins argued the cause for petitioner. Also on the brief was SBH Legal.

No appearance for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

## POWERS, J.

In this workers' compensation case, employer Fred Meyer Stores, Inc., seeks judicial review of an order of the Workers' Compensation Board reversing employer's denial of claimant's claim for an injury to the right knee. On review, employer first asserts that the board erred in characterizing claimant's claim as an injury, instead of an occupational disease, which would be subject to a higher standard of proof. Employer also contends that the board's order lacks substantial evidence and substantial reason to the extent that the board made factual errors that caused the board to be incorrectly persuaded by the medical opinion of Dr. North, who examined claimant on claimant's behalf, and to discount the opinions of other physicians who supported employer's position that claimant had not experienced an injury but was simply experiencing symptoms of her preexisting osteoarthritis. Claimant did not file an answering brief and thereby waived appearance on review. *See* ORAP 5.60 (providing that, "[i]f the respondent files no brief, the cause will be submitted on the appellant's opening brief and appellant's oral argument, and the respondent shall not be allowed to argue the case"). As explained below, we conclude that the board did not commit legal error in finding that claimant's knee condition arose during a discrete period of time and characterizing claimant's claimed condition as an injury. Further, we conclude that the board's order is supported by substantial evidence and substantial reason. Accordingly, we affirm.

We review the board's order under ORS 183.482(7) and (8) and ORS 656.298(7) for substantial evidence and errors of law. We begin with a brief overview of the factual and procedural background to provide context for our discussion of employer's two assignments of error.

Claimant, who worked for employer as a cashier, was required to stand for long periods of time and to pivot as she checked groceries. The record shows that, in the past, claimant had sought medical treatment for knee pain and had been diagnosed with possible osteoarthritis in her knees. Claimant testified that, although she had recently experienced knee pain, the pain became much more intense

during a three-week period in July 2021, when her work became very busy because many coworkers were out with COVID. The knee became so swollen and painful that claimant began to use a cane at work.

On the day of the injury, claimant was busy and had to stand longer than normal and help a steady stream of customers. Because of the intensity of the work, claimant rushed to her scheduled work break. Because of right knee discomfort, she walked with a stiff-legged gait with her right foot externally rotated. As claimant walked, she felt sharp and intense pain and heard a crack and pop, her right knee gave way, and she fell against a shelf. A customer helped claimant to the break room, where she applied ice.

Medical imaging revealed mild to moderate osteoarthritis and a slight meniscus tear. Physicians who examined claimant diagnosed a knee strain and sprain. Claimant attended an independent medical examination on employer's behalf by Dr. Smith, an orthopedist, who, based on medical imaging, opined that the incident at work and the meniscus tear were caused by osteoarthritis and not related to claimant's work activity. Employer then denied the claim.

Claimant sought an independent medical examination from North, also an orthopedist. Based on North's examination of claimant and the medical record, including the record of claimant's preexisting osteoarthritis, North opined that, as a result of "[w]orking, standing, lifting groceries and pivoting as a cashier" claimant had experienced "an undiagnosed symptomatic occupational knee strain" and increased knee pain some two weeks before the incident in which her knee gave way, which was a result of her abnormal gait from the pain of the knee strain.

In affirming an order of an administrative law judge, the board found North's opinion to be persuasive. In evaluating the medical record, the board explained that North had an accurate medical history and that his diagnosis was well-explained and consistent with claimant's reporting and the medical record. On the other hand, the board reasoned that the physicians in support of employer's position had overemphasized the absence of a triggering event on the job

that might have caused an injury. The board considered but rejected employer's contention that the claim should be characterized as an occupational disease rather than an injury, concluding that, although claimant's most immediate knee problems arose over a period of a few weeks, she nonetheless had experienced an "injury," because the symptoms and diagnosed strain and sprain had occurred over a discrete period. The board explained,

> "[North's] opinion, considered in light of claimant's testimony and the greater record, shows that over the few weeks leading up to July 21, 2021, claimant's work activity while standing caused increased symptoms that Dr. North said was an undiagnosed knee strain. The knee strain affected the mechanics of claimant's gait, and the altered mechanics contributed to a greater injury on July 21, 2021, when claimant fell into shelving while going to her store's breakroom. This record establishes that, regardless of what knee symptoms claimant may have felt before the few weeks up to July 21, 2021, she sustained injury traceable to a relatively short, discrete period of time."

On judicial review, employer contends in its first assignment of error that the board erred in characterizing claimant's claim as one for an injury, because a preponderance of the evidence shows that claimant's knee condition arose over a long period of time and was not "sudden" or discrete, as is required for an injury. *See James v. SAIF*, 290 Or 343, 348, 624 P2d 565 (1981) (adopting the reasoning in *O'Neal v. Sisters of Providence*, 22 Or App 9, 16, 537 P2d 580 (1975), which concluded that what set occupational diseases apart from accidental injuries is that they cannot be said to be unexpected and that they are gradual rather than sudden in onset); *see also Smirnoff v. SAIF*, 188 Or App 438, 446, 72 P3d 118 (2003) (explaining that "the onset of the condition is the determining factor in deciding if a claim is for an injury or a disease"). Employer asserts that the board's order is vague and fails to identify what knee condition it is considering to be an injury. We read the board's order differently.

Contrary to employer's contention, the board unambiguously addressed its analysis to the claimed knee condition that claimant experienced during the several weeks before

and including the work incident, which North identified as a strain and sprain. In our view, the board's order shows that it did not simply "carve out" as an "injury" claimant's symptoms over a period of a few weeks before the work incident as employer contends. Claimant testified and reported to physicians that, although she had been experiencing knee pain for several months, the knee pain had increased and became severe weeks before the incident occurred. North attributed that increased pain to a knee strain.

We further conclude that the board did not commit legal error in finding that claimant's claimed knee condition arose during a discrete period of time and characterizing claimant's claimed condition as an injury. As we explained in *Valtinson v. SAIF*, 56 Or App 184, 188, 641 P2d 598 (1982), although a condition that arises over a long period of time is not an "injury," an injury need not be "instantaneous"—it may occur over a short discrete period of time. Here, claimant identified a short discrete period of time—the several weeks before the work incident—during which her knee symptoms intensified because of an increase in standing as a result of employer being short-staffed. North, who was aware of claimant's preexisting osteoarthritis, described the mechanism of injury during that discrete period— first, an undiagnosed "strain," followed several weeks later by a sprain as claimant attempted to walk swiftly to the break room with her foot turned out because of her knee pain. North cited medical records and imaging in support of his opinion. At least one other physician who was aware of claimant's preexisting osteoarthritis had also diagnosed a knee sprain. The board could reasonably rely on North's opinion in support of its finding that claimant's claim arose during a discrete period and constituted a claim for an occupational injury rather than a disease.[1]

In its second assignment of error, employer argues that the board erred in relying on North's opinion, because that opinion is unpersuasive and contradicts the board's own findings. Specifically, the board made findings that claimant

---

[1] Employer sidelined the strain/sprain diagnoses and argued that the "condition we're really looking at here is osteoarthritis and the degenerative meniscus tear." But claimant's attorney noted in argument to the board that claimant has not sought compensation for osteoarthritis or the meniscus tear.

experienced right-knee symptoms months before July 2021; however, according to employer, North "believed claimant's right knee complaints started just two weeks before July 21, 2021." We reject employer's contention on review. That is, contrary to employer's argument, the board could reasonably conclude that North's opinion was consistent with the board's findings and that North was aware that claimant had experienced knee issues in the past. North's report summarized medical records from as far back as 2013 to the present time, which included references to claimant's reports of right knee symptoms that had been ongoing for several months before the work incident. The record supports the board's finding that North was aware of claimant's preexisting osteoarthritis as well as her knee symptoms dating back several months. We reject employer's argument that, in a "likely attempt" to reconcile North's "inaccurate information, the board then arbitrarily focused on a limited period of symptoms rather than the full course of claimant's right knee symptoms."

Finally, the board adequately explained why it found North's opinion to be more persuasive and why it found the opinions of other physicians to be less persuasive. For example, the board noted that, in examining claimant, Smith had spent only 15 to 20 minutes—considerably less time than North—and the board faulted Smith for failing to address the change in claimant's symptoms in the several weeks before the work incident and for failing to be aware that claimant had experienced a "pop" at the time of the work incident. Employer criticizes the board's observation about that pop, contending that the record shows that Smith was aware of the pop. In a concurrence letter, however, Smith concurred in employer's attorney's statement that, at the time of the work incident, claimant had only experienced pain, not a pop. In short, we reject employer's challenges in its second assignment of error.

Affirmed.