In the Matter of the Compensation of
Nibby J. Seabeck (Deceased), Claimant.

COTTRELL,
*Petitioner,*

*v.*

EBI COMPANIES et al,
*Respondents.*

(WCB 84-12966; CA A38940)

734 P2d 383

Michael M. Bruce, Eugene, argued the cause for petitioner. On the brief was Richard A. Lee, Eugene.

Jerald P. Keene, Portland, argued the cause for respondents. On the brief were Gordon T. Clark and Roberts, Reinisch & Klor, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

Claimant filed a claim for death benefits under ORS 656.226, alleging that she is entitled to benefits because she is a surviving cohabitant. She seeks review of the Workers' Compensation Board's affirmance and adoption of the referee's order denying her claim.

Claimant and decedent had cohabited for approximately three years before the job-related accident that caused decedent's death, and they had a child together. A month before the accident, decedent moved out of claimant's home into an apartment 15 to 20 minutes away. He returned to visit four or five times, and claimant visited him at his apartment twice, both for short periods of time. During the visits to claimant's home, decedent helped around the house and yard. Claimant testified that decedent had moved out because they "needed space" to work out some problems and that she hoped that they would get back together.

ORS 656.226 provides:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

In *Amos v. SAIF,* 72 Or App 145, 694 P2d 998 (1985), we said that a claimant must be cohabiting with the insured at the time of the compensable injury in order to be entitled to survivor's benefits under the statute. Thus, unless the arrangement between claimant and decedent was cohabitation, her claim must be denied.

"Cohabitation" is determined in each case by the nature of the relationship:

> "[T]he essence of cohabitation is the living together and the sexual relations, and there may be some degree of living apart and an occasional trip away without destroying the relation * * *." *Bowlin v. SAIF,* 81 Or App 527, 531, 726 P2d 1186 (1986), quoting from *Wadsworth v. Brigham,* 125 Or 428, 482, 259 P 299, 266 P 875 (1928).

Here, decedent moved out of claimant's house and into an

apartment in another part of the city, because they were having problems with their relationship. Although claimant and decedent continued to talk about working out their problems and to make plans for future improvements to claimant's home, it is speculative whether he would have ever returned to live with her and their child. Unlike in *Bowlin,* here the change in living arrangements was caused by a change in the nature of the relationship. Although claimant testified that she hoped the previous relationship would resume, that does not amount to cohabitation. Benefits were properly denied.

Affirmed.

**ROSSMAN, J.,** dissenting.

Beginning with the premise that, for purposes of survivor's benefits, cohabitation is analogous to marriage, the central inquiry becomes: What is to cohabitation what divorce is to marriage? A divorce, or a "dissolution" as it is referred to in this state, is generally defined as the *termination* of the marriage relationship. The law treats it as a complete severance of the husband and wife unit.

Thus, our function in this kind of case (in which we are required to conduct a *de novo* review) is to examine all of the evidence and to decide *whether the parties ever intended to terminate their relationship. Bowlin v. SAIF,* 81 Or App 527, 532, 726 P2d 1186 (1986). I have read the record and I have considered the same facts as has the majority. I believe that the greater weight of that evidence is not on the side where the majority, in mirroring the Board's evaluation, unfortunately puts it.

Granted, decedent had moved out of the house. However, a mere physical absence from the family home—standing alone—does not establish that the parties intended to terminate their relationship. The reasons are limitless why a spouse or domestic associate might leave the house for an extended, temporary period of time, *i.e.,* illness requiring hospitalization, vacation travel, employment and the like. Even accepting that decedent's reason for leaving the house was the discord between claimant and himself, I do not see, based on that evidence alone, why claimant must lose this case.

The evidence on claimant's side of the scale is much weightier. Decedent visited her, worked in the yard and made

plans for painting and repairing the house. He continued to receive his mail at her address. Many of his personal possessions, including his tools, clothing and toiletry items remained in the house. The parties had been temporarily separated once previously during their relationship. Claimant testified that she and decedent had intended, with the current physical separation, "[t]o give each of us space and time to work things out * * * to where we could be back together again and raise our son and have a happy life together." Viewing claimant's and decedent's relationship as akin to a marriage, the evidence does not paint a picture of two people bent on divorce.

The majority concludes that the evidence is "speculative" as to whether decedent would have ever returned to claimant and their son. I cannot accept that appraisal of the record. I realize that the evidence comes from claimant, but there is nothing to suggest that her testimony is not credible. Employer does not contradict what she says.

Because the evidence preponderates in claimant's favor, and because, as claimant points out,

"it would be contrary to the purposes of the Workers' Compensation law to deny her survivor's benefits solely because of a temporary separation that did not effect [sic] the underlying existence of her substantial relationship with the deceased,"

we should reverse the Board. Accordingly, I respectfully dissent.