Argued and submitted September 2, affirmed October 6, 1987

In the Matter of the Compensation of
Nibby J. Seabeck, Deceased, Claimant.

COTTRELL,
*Petitioner on Review,*

*v.*

EBI COMPANIES et al,
*Respondents on Review.*

(WCB 84-12966; CA A38940; SC S33933)

743 P2d 716

Michael M. Bruce, Eugene, argued the cause and filed the petition on behalf of the petitioner on review.

Jerald P. Keene, Portland, argued the cause on behalf of the respondents on review. With him on the response was Roberts, Reinisch & Klor, P.C., Portland.

GILLETTE, J.

## GILLETTE, J.

The issue in this workers' compensation case is whether claimant is entitled to survivor's benefits under ORS 656.226, which provides:

> "In case an unmarried man and an unmarried woman have cohabited in this state as husband and wife for over one year prior to the date of an accidental injury received by one or the other as a subject worker, and children are living as a result of that relation, the surviving cohabitant and the children are entitled to compensation under ORS 656.001 to 656.794 the same as if the man and woman had been legally married."

Claimant and the deceased worker, Seabeck, lived together as husband and wife for approximately three years. During that time, they had a child together. Approximately one month before Seabeck's death, he moved out of the home and into a separate apartment because he and claimant were having difficulties with their relationship.

After Seabeck's death, claimant filed for survivor's benefits under the cohabitation statute.[1] The insurer denied the claim. A Workers' Compensation Board referee approved the denial on the ground that ORS 656.226 requires that the claimant be cohabiting with the subject worker at the time of the accident. The referee found that claimant and Seabeck were not cohabiting at that time. The Workers' Compensation Board affirmed the referee's decision, as did a majority of the Court of Appeals panel below. *Cottrell v. EBI Companies,*

---

[1] A "surviving cohabitant" under ORS 656.226 is entitled to benefits under ORS 656.204, which provides, in part:

"If death results from the accidental injury, payments shall be made as follows:

"* * * * *

"(2) If the worker is survived by a spouse with children of the deceased, monthly benefits shall be paid in an amount equal to 4.35 times 50 percent of the average weekly wage to the surviving spouse until remarriage. If the worker is survived by a spouse with no children of the deceased, monthly benefits shall be paid in an amount equal to 4.35 times 66-2/3 percent of the average weekly wage to the surviving spouse until remarriage. The payment shall cease at the end of the month in which the remarriage occurs. The surviving spouse also shall be paid $150 per month for each child of the deceased until such child becomes 18 years of age * * *."

Even if the claimant does not qualify for benefits under ORS 656.226, the decedent's child would qualify for benefits under ORS 656.204(4).

84 Or App 472, 734 P2d 383 (1987). The claimant then brought this petition for review. We affirm.

Claimant first argues that ORS 656.226 does not expressly require that the period of cohabitation include the time of the accident — in this case, the date Seabeck was killed. Under claimant's proposed interpretation of the statute, any and all persons who had ever cohabited for more than one year with a worker and who, as a result, produced children still living at the time of the worker's accident, would qualify as surviving cohabitants eligible for benefits under ORS 656.226.

Claimant's proposed interpretation, although somewhat strained, is a permissible reading of the statute. It is not, however, the only permissible reading. The Court of Appeals previously has interpreted the statute as requiring that the period of cohabitation include the time of the accident. *Amos v. SAIF,* 72 Or App 145, 152, 694 P2d 998 (1985). The statutory language lends itself to either interpretation.

The ambiguity cannot be resolved through resort to the legislative history. No legislative history survives from the statute's original enactment in 1927.[2] The statute was amended in 1983 to afford survivor's benefits to males who had cohabited with deceased female workers. Or Laws 1983, ch 816, § 4. *See Hewitt v. SAIF,* 294 Or 33, 653 P2d 970 (1982). That amendment, however, did not deal with the cohabitation requirement. We are, therefore, left to determine which interpretation is more consistent with the legislature's intent without guidance from any legislative history.

Claimant urges that she meets the only two express requirements of the statute — she cohabited with Seabeck for over a year and she bore his child. A married woman who had done the same would, she points out, be entitled to benefits even if separated from her husband at the time of his death.

---

[2] As originally enacted, the statute read:

"In case an unmarried man and an unmarried woman shall have cohabited in the state of Oregon as husband and wife for over one year prior to the date of an accidental injury received by such man, and children shall be living as a result of said relation, said woman and said children shall be entitled to compensation under this act the same as if said man and woman had been legally married."

Or Laws 1927, ch 414, § 1.

Treating her differently, claimant says, defeats the statutory directive that she be allowed compensation "the same as if [she and Seabeck] had been legally married."

This argument misses the point. Whether claimant *was* in a position the same as that of a legally married but separated spouse is what this case is all about. We look to the statutory scheme as a whole to determine what that "same" position would be. The answer does not help claimant.

Under the Workers' Compensation Law, a surviving spouse is eligible for benefits only if the surviving spouse's marriage to the worker was in effect at the time of the worker's death. Benefits are not available to a former spouse. ORS 656.204(3).[3] Following the directive of ORS 656.226 therefore requires that benefits not be awarded if the cohabitation relationship has ended, *i.e.,* the parties have gone through what was, for their relationship, the functional equivalent of a dissolution of marriage. The parties may separate temporarily without losing eligibility under ORS 656.226, but a permanent separation ends not only the relationship but also eligibility under the statute. We hold that, in order to qualify for survivor's benefits under ORS 656.226, the cohabitation relationship must exist at the time of the worker's death.

Second, claimant argues that, assuming continuing cohabitation is required, she was cohabiting with Seabeck at the time of his death. The Court of Appeals has stated that "[t]he nature of the relationship and not the number of days spent in the same location determines whether cohabitation exists" for the purpose of ORS 656.226. *Bowlin v. SAIF,* 81 Or App 527, 532, 726 P2d 1186 (1986). There, the court noted that the claimant and the decedent "were not always together every day and every night, but there is *no* evidence that they ever intended to terminate their long term relationship." *Id.* (emphasis in original).

This court has construed the term, "cohabitation," in a context analogous to the one presented in this case. In

---

[3] ORS 656.204(3) states:

"If a worker leaves a child under the age of 18 years by a divorced husband or wife, and the child is in the custody of the divorced husband or wife, $150 per month shall be paid for each such child until the child becomes 18 years of age. * * *"

*Wadsworth v. Brigham,* 125 Or 428, 259 P 299, 266 P 875 (1928), this court construed the following statute, which contained language almost identical to that of the cohabitation statute at issue here:

> "In case a man and a woman, not otherwise married heretofore, shall have cohabited in the state of Oregon as husband and wife, for over one year, and children shall be living as a result of said relation, said cohabitation, if children are living, is hereby declared to constitute a valid marriage and the children born after the beginning of said cohabitation are hereby declared to be the legitimate offspring of said marriage."

Or Laws 1925, ch 269, § 1. We stated in *Wadsworth:*

> "[I]t is said that during this period of cohabitation John R. Brigham had rooms elsewhere. That would not prevent his cohabitation with the plaintiff's mother, as cohabitation does not mean that the parties must live together in the same room continually or occupy one room, as the essence of cohabitation is the living together and the sexual relations, and there may be some degree of living apart and an occasional trip away without destroying the relation, so that it was not a part of the plaintiff's case to prove that the three of them were huddled in one room all the time and never departed therefrom."

125 Or at 482.

The Court of Appeals' definition of "cohabitation" is consistent with the statement quoted above, and we approve it. The question remaining, therefore, is whether claimant and Seabeck intended their change to separate living quarters to mark the termination of their relationship or merely to provide a brief respite during which they could work out their problems. The Court of Appeals decided that question adversely to claimant, and we will not disturb that factual determination on review. *Weller v. Union Carbide,* 288 Or 27, 29, 602 P2d 259 (1979).

The order of the Workers' Compensation Board and the decision of the Court of Appeals are affirmed.